UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:   Case No.: 8:11-bk-19334
         Chapter 11

ICHI PROPERTY MANAGEMENT, INC.,

　　　　　Debtor.
_____/

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

### STATEMENT OF RELIEF REQUESTED

The Debtor seeks authority to use cash collateral to fund its operating expenses and costs of administration in this Chapter 11 case and to provide replacement liens as described below as adequate protection for the interests in its cash collateral. The Debtor believes that Kaye C. Kirk may assert security interests in cash collateral. The Debtor proposes to grant as adequate protection replacement liens on all Cash Collateral acquired by the Debtor or the estate on or after the Petition Date to the same extent, validity, and priority held as of the Petition Date.

COMES NOW the Debtor, ICHI PROPERTY MANAGEMENT, INC., by and through undersigned counsel, and hereby moves this Honorable Court for Authority to Use Cash Collateral pursuant to 11 U.S.C. §§105, 363, and 541 and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "FRBP"). In support of this Motion, the Debtor would show:

1. This instant Chapter 11 Case was filed on October 17, 2011. The Debtor operates as a Debtor-In-Possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

2. This is a Motion for Use of Cash Collateral pursuant to 11 U.S.C. 363 (c)(2)(B) which constitutes a contested matter under Bankruptcy Rules 4001(a) and 9014 and is a core proceeding under 28 U.S.C. 157(b)(2)(M)

4. No Trustee having been appointed or qualified, Debtor is a Debtor-In-Possession.

5. This is a corporate Chapter 11 case. The primary location of the Debtor's assets regarding this case is 13220 Houston Dr., Hudson, FL 34667 The aforementioned real property comprise several sites for a clothing-optional RV park.

6. The Debtor as borrower, entered into certain Promissory Notes and Security Agreements (collectively, the "Loan Documents"), in the principal amounts of $500,000.00.

7. As of the Petition Date, the Debtor believes that Kaye C. Kirk will contend that she is owed approximately $416,492.00.

8. The Debtor believes that both Kaye C. Kirk will assert (a) that she has perfected liens on Collateral, and (b) that her perfected liens generally have priority over all liens against the Collateral, other than property taxes.

## Relief Requested and Grounds for Relief

9. As of the Petition Date, the Debtor had certain funds in various bank accounts. Additionally, the Debtor continues to receive revenue from RV leases. The Debtor anticipates that she will receive additional payments from her tenants following the Petition Date in the ordinary course of her business. The proceeds generated by the leased premises may constitute the cash collateral (the "Cash Collateral") of Kaye C. Kirk.

10. By this Motion, the Debtor seeks the entry of any order authorizing the Debtor's use of Cash Collateral to pay expenses. The Debtor proposes to use the Cash Collateral for purposes which include the following:

(a) Care, maintenance and preservation of the Debtor's assets;

(b) Adequate protection payments to Kaye C. Kirk; and

(c) Continued business operations.

Except as specifically authorized by law or court order, the Debtor will not use the Cash Collateral to pay pre-petition obligations.

11. The Debtor requests authority to use the Cash Collateral immediately to fund operating expenses necessary to continue the operation of her residential leases, to maintain the estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to her business and estate.

12. The Debtor must use the Cash Collateral in the ordinary course of business. The inability of the Debtor to meet her ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and her chances for reorganization. Any such discontinuation would also materially and adversely impact upon the value of the Collateral. It is in the best interest of Kaye C. Kirk that the Debtor use the Cash Collateral, which will preserve the ongoing concern value of the Collateral.

13. The Debtor's assets consists of, Real Property, Fixtures, and other tangible assets, having an estimated *liquidation* value of $80,704.00 and more particularly described as follows:

| Description | Approx. Value |
| --- | --- |
| Real Property | $494,726.00 |
| Checking accounts | $0.00 |
| Fixtures and Other Personal Property | $148,105.00 |
| Total | $642,831.00 |

15. In order for the Debtor to remain in business or possession of its financial affairs, it is imperative that it have use of its cash collateral.

16. As adequate protection for the use of cash collateral, Debtor offers the following:

(a) Kaye C. Kirk shall have a post-petition lien on the Collateral to the same extent, validity and priority as existed pre-petition; and

(b) Debtor will pay adequate protection to Kaye C. Kirk. The payments will be based upon a $358,176.00 principal amount, 5.25% annual interest amortized over 30 years. The adequate protection payments will be $1,977.86 and will begin December 1, 2011 and will be due on the 1st day of each month thereafter.

(c) Debtor will continue to pay US Bank on their pre-petition PMSI Agreements on two of the Debtor's RVs.

(d) Debtor will propose to pay the unsecured creditors a pro-rata share of the disposable income, which has not yet been ascertained.

17. The Debtor asserts that the interests of Kaye C. Kirk will be adequately protected. Consequently, no further provision for adequate protection is required. The Debtor further alleges that all conditions precedent to use the Cash Collateral have been performed or have occurred.

18. If allowed to use the Cash Collateral, the Debtor believes that it can operate its business during the Chapter 11 case and successfully reorganize its business.

WHEREFORE, the Debtor, ICHI PROPERTY MANAGEMENT, INC., respectfully requests this Honorable Court to enter an order authorizing the Debtor to use the Cash Collateral in the operation of her residential leases, and granting such other and further relief as the Court may deem appropriate.

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a true and correct copy of the foregoing has been served either electronically or by regular U.S. Mail to: U.S. Trustee, 501 Polk Street, #1200, Tampa, FL 33602; Ichi Property Management, Inc., Attn: Susan Cowan, President, 11821 Cassandra St., Apartment 203, New Port Richey, FL 34654 and all parties on the attached mailing matrix on this 17th day of October, 2011.

                                            THE REISSMAN LAW GROUP, P.A.

                                            Marshall G. Reissman, Esquire
                                            FBN: 0310085
                                            Ceara L. Riggs, Esquire
                                            FBN: 91611
                                            Attorney for Debtor
                                            5150 Central Avenue
                                            St. Petersburg, FL 33707
                                            Telephone: (727) 322-1999
                                            Facsimile: (727) 327-7999
                                            FBN: 0310085
                                            scg